UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 8:17-cr-599-T-33TGW

RICO REMON WASHINGTON
_____/

**ORDER**

This matter is before the Court pursuant to Defendant
Rico Remon Washington's Motion to Dismiss Count 2 (Doc. # 17),
filed on April 2, 2018.  The United States filed a Response in
Opposition to the Motion on April 17, 2018. (Doc. # 22).  With
leave of Court, Defendant filed a Reply on April 24, 2018.
(Doc. # 25).  The Court denies the Motion as explained below.

**I.   Background**

The indictment charges that, on September 8, 2017,
Defendant committed an armed robbery at the Express Speciality
Pharmacy in Tampa, Florida. (Doc. # 1).  Defendant is alleged
to have taken United States Currency as well as Xanax pills
from the owner of the pharmacy by using "actual and threatened
force, violence, and fear of injury, immediate and future, to
the owner's person." (<u>Id.</u> at 2).  On December 13, 2017, the
Government charged Defendant with Hobbs Act robbery (Count 1),
using, carrying, and brandishing a firearm in furtherance of
a crime of violence (Count 2), and being a felon in possession

of a firearm (Count 3), on account of nine prior felonies, including robbery, grand theft, attempted burglary, burglary, sale of cocaine, and fleeing and eluding a law enforcement officer, among others. (Doc. # 1). At this juncture, Defendant seeks dismissal of Count 2 of the indictment, arguing: "Count 2 fails to state an offense because Hobbs Act robbery is not a crime of violence as a matter of law." (Doc. # 17 at 1).

Section 924(c) makes it a crime: (1) to carry or use a firearm during and in relation to a drug trafficking crime or crime of violence, or (2) to possess a firearm in furtherance of a drug trafficking crime or crime of violence. The statute defines "crime of violence" as any felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is customarily referred to as the "use-of-force" clause and the second clause is often referred to as the "residual clause" or "risk-of-force" clause. See In re Saint Fleur, 824 F.3d 1337, 1339 (11th Cir. 2016); United States v. Wiles, No. 17-12671, 2018 WL 2017905 (11th Cir. Apr. 30, 2018). Defendant challenges

both relevant clauses of the statute.

## II. **Hobbs Act Robbery is a Crime of Violence**

A long line of Eleventh Circuit cases hold Hobbs Act Robbery is a crime of violence. Defendant concedes that "the Eleventh Circuit has held contrary to Mr. Washington's position on this issue." (Doc. # 17 at 5). Indeed, in <u>United States v. St. Hubert</u>, 883 F.3d 1319, 1328 (11th Cir. 2018), the court decisively held: "Hobbs Act robbery . . . independently qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause." And, in <u>Saint Fleur</u>, the court further explained:

> Saint Fleur pled guilty to Count 4, which charged that Saint Fleur did affect commerce "by means of robbery," as the term robbery is defined in 18 U.S.C. § 1951(b)(1). "The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. . ." <u>Id.</u> § 1951(b)(1). Count 4 further charged Saint Fleur with, and Saint Fleur pled guilty to, committing robbery "by means of actual and threatened force, violence, and fear of injury." **Thus, the elements of Saint Fleur's § 1951 robbery, as replicated in the indictment, require the use, attempted use, or threatened use of physical force "against the person or property of another."** <u>See</u> <u>Id.</u>; 18 U.S.C. § 924(c)(3)(A).

<u>Saint Fleur</u>, 824 F.3d at 1341 (emphasis added). Similarly, as recently as April 30, 2018, the Eleventh Circuit repeated its

pronouncement that "Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A)." Wiles, 2018 WL 2017905, at *1. The Court accordingly roundly rejects Defendant's contention that Hobbs Act Robbery does not qualify as a crime of violence under the use-of-force clause in § 924(c)(3)(A).

## III. **The Residual Clause has not been Invalidated**

Defendant also asserts that residual clause § 924(c)(3)(B) has been invalidated by Supreme Court precedent. In the Motion to Dismiss, Defendant correctly states that Johnson v. United States, 135 S. Ct. 2551 (2015), found the residual clause of the Armed Career Criminal Act to be unconstitutionally vague. Defendant also points out that the United States Supreme Court struck down a residual clause in 18 U.S.C. § 16(B), in relation to the Immigration and Nationality Act in Sessions v. Dimaya, 138 S. Ct. 1204 (Apr. 17, 2018).

Defendant reasons in the Motion to Dismiss and in his Reply Memorandum that the residual clause at issue here should similarly be invalidated as unconstitutionally vague. However, after the briefing closed on the Motion to Dismiss, the Eleventh Circuit decided Wiles. Wiles appealed his convictions after pleading guilty to two counts of brandishing

a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Similar to the arguments presented in the instant case, Wiles argued that Hobbs Act robbery is not a crime of violence "because it does not meet the definition of a crime of violence under the use-of-force clause in § 924(c)(3)(A), and because the risk-of-force or residual clause in § 924(c)(3)(B) is unconstitutionally vague, in light of <u>Johnson v. United States</u>." <u>Wiles</u>, 2018 WL 2017905, at *1. The Eleventh Circuit affirmed the convictions after framing the "sole substantive issue [as] whether Hobbs Act robbery, 18 U.S.C. § 1951(a), is a 'crime of violence' for purposes of § 924(c)." 2018 WL 2017905 at *1. There, the court found both that the use-of-force clause was satisfied and held that neither the <u>Johnson</u> decision nor the <u>Dimaya</u> decision applied to invalidate the residual clause in § 924(c)(3)(B). This Court is bound by the <u>Wiles</u> decision, which compels the denial of Defendant's Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Rico Remon Washington's Motion to Dismiss Count 2 (Doc. # 17) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>9th</u> day of May, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE